**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| IN RE:<br><br>RUSTY W. MCMURRAY,<br><br>SSN: XXX-XX-8713<br><br>Debtor. | §<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br>Bankruptcy Case No. 24-10777<br><br>(Chapter 13) |
| KAPITUS SERVICING, INC., AS SERVICING AGENT FOR KAPITUS, LLC<br><br>Plaintiff.<br><br>v.<br><br>RUSTY W. MCMURRAY,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br>Adversary Proceeding No. 24-01023 |

**PLAINTIFF'S MOTION FOR PARTIAL MOTION FOR SUMMARY JUDGMENT**

COMES NOW Kapitus Servicing, Inc., as Servicing Agent for Kapitus LLC ("Plaintiff" or "Kapitus") via counsel, pursuant to Federal Rule of Civil Procedure 56, made applicable by Federal Rule of Bankruptcy Procedure 7056 and Bankr. N.D. Okla. LR 7056-1 and moves for summary judgment on Count III of its Complaint under 11 U.S.C. Section 523(a)(4) (embezzlement) and Count I under 11 U.S.C. Section 523(a)(2)(A) (actual fraud) that Debtor/Defendant Rusty W. McMurray's ("Defendant") debt to Plaintiff is nondischargeable. The grounds for this relief, as set forth in detail in *Plaintiff's Memorandum of Law In Support of Partial Motion for Partial Summary Judgment* are:

1. Defendant embezzled Kapitus' property (i.e. its Collateral) entrusted into Defendant's hands, which property Defendant misappropriated with the intent to permanently to deprive Kapitus of its property (11 U.S.C. Section 523(a)(4));

2. Defendant committed actual fraud by intentionally engaged in a scheme to deprive or cheat Kapitus of its property or a legal right in its property (i.e. Kapitus's Collateral) fraud (11 U.S.C. Section 523(a)(2)(A)); and

3. Kapitus is entitled to (1) attorney's fees of 25% of the total balance due or the actual attorney fees incurred, whichever is greater; and (2) court costs; (3) default interest of 10% from the date of default or such other amount as allowed by law; and (4) a judgment of nondischargeability as the same under the terms of the Agreement.

Accordingly, Plaintiff Kapitus respectfully requests this honorable Court enter an order:

A. Declaring Debtor's debt to Kapitus to be nondischargeable under 11 U.S.C. §§ 523(a)(4) and (6) in this bankruptcy proceeding and in any other chapter under title 11 to which this case may be converted, and in any future bankruptcy case or state law insolvency proceeding filed by or against Debtor;

B. Granting Kapitus default interest of 10% from the date of default or such other amount as allowed by law, and declaring such nondischargeable;

C. Granting Kapitus costs related to this proceeding, and declaring such nondischargeable;

D. Granting Kapitus attorney's fees related to this proceeding, and declaring such nondischargeable; and

E. For any other and further relief as this Court deems just.

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

*/s/ Christopher J. Gnaedig*
John T. Richer, OBA No. 19554
Christopher J. Gnaedig, OBA No. 33892
521 East 2nd St., Suite 1200
Tulsa, OK 74120
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
Email: jricher@hallestill.com
Email: cgnaedig@hallestill.com

and

**LALLY LEGAL GROUP LLC**

*/s/ Elizabeth Lally*
Elizabeth Lally, admitted *pro hac vice*
Nebraska Bar No. 26428
12020 Shamrock Plaza, Suite 200
Omaha, NE 68154
Telephone: 402-778-4840
E-mail: elally@lally-legal.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2026, a true and correct copy of the above and foregoing instrument has been served electronically via the Court's ECF noticing system on those parties who receive notice from that system.

*/s/ Christopher J. Gnaedig*
Christopher J. Gnaedig

21565181.1:014927.00001